IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELROY MATTHEWS, JR., #404-354
      Petitioner                                :

    v.                                     :  CIVIL ACTION NO. JKB-13-2510

WAYNE WEBB, et al.,               :
      Respondents

## MEMORANDUM

On August 28, 2013,[1] the Clerk received petitioner Elroy Matthews, Jr.'s 28 U.S.C. § 2254 habeas corpus petition attacking his 2003 Maryland judgment of conviction for attempted murder and related offenses. ECF 1. Respondents filed a response (ECF 9) and petitioner has filed a reply as supplemented. ECF 13, 15 and 18. The court finds no need for an evidentiary hearing, *see* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(e)(2), and for reasons set forth herein shall dismiss the petition and decline to issue a certificate of appealability.

### Procedural History

On December 3, 2003, petitioner pleaded guilty in the Circuit Court for Baltimore County, (Turnbull, J., presiding), to one count of attempted first-degree murder, two counts of first-degree assault, and one count of using a handgun in the commission of a crime of violence. ECF 9, Ex. 2. In exchange, the State agreed to request a sentence of 43 years in prison. *Id.*, pp. 2-3. At the April 21, 2004, sentencing hearing, the State argued that petitioner be sentenced to a life term of imprisonment, all but 43 years suspended. *Id.,* Ex. 3, p. 39. The court instead sentenced petitioner to life imprisonment, all but 30 years suspended, with five years of

---

[1] The petition is dated August 22, 2013, and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States. v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998).

supervised probation upon release.  *Id*., p. 42.  Petitioner did not file an application for leave to appeal his plea and sentence (ECF 9, Ex. 1), which became final for direct appeal purposes on May 21, 2004.  *See* Md. Rule 8-204 (requiring application for leave to appeal to be filed within 30 days of the judgment from which appeal is sought).  A motion for modification of sentence filed on April 26, 2004, was denied on May 5, 2004.  ECF 9, Ex. 1

On October 3, 2005, petitioner initiated post-conviction review.  ECF 9, Ex. 1, p. 12. Among the claims raised was an assertion that trial counsel was ineffective for failing to object to the State's breach of the plea agreement in requesting a life sentence with all but forty-three years suspended, instead of a total sentence of forty-three years, inclusive of any suspended portion.  ECF 9, Ex. 4.  Following a hearing in the Circuit Court for Baltimore County, the post-conviction court in an opinion filed on October 25, 2007, found that the State violated the terms of the plea agreement at sentencing and awarded petitioner a new sentencing hearing.  All other claims for relief were denied.  *Id.*  Petitioner did not file an application for leave to appeal the adverse rulings of the state post-conviction court.  ECF 9, Ex. 1 and ECF 1.

On March 24, 2008, the trial court held the new sentencing hearing ordered by the post-conviction court, and imposed the exact same sentence that it imposed at the original sentencing hearing, life imprisonment with all but 30 years suspended and five years of supervised probation upon release.  ECF 9, Ex. 1, pp. 19, 57; ECF 9, Ex. 5.   Petitioner filed an application for leave to appeal of this ruling, which was denied summarily by the Court of Special Appeals. ECF 9-6 and 9-7.

On January 8, 2010, petitioner filed a motion to correct an illegal sentence, which was denied without a hearing on January 28, 2010.  The court's ruling was affirmed by the Court of Special Appeals in a reported opinion.  ECF 9, Ex. 8-11.  The Court of Appeals then granted

2

petitioner's request for further review of the following question:   "Whether a plea agreement, conditioned on an agreed upon 'capped' term of years, results in an illegal sentence when the trial court sentences the Defendant to life, but suspends a portion of the life sentence to make the non-suspended portion not to exceed the agreed upon 'cap'?"   ECF 9, Ex. 15.   In a reported opinion filed on January 26, 2012, the appellate court, finding the plea agreement ambiguous, reversed the judgment of the Court of Special Appeals and remanded the case to the circuit court for resentencing, stating that petitioner was entitled to have the plea terms enforced as he reasonably understood them: "a maximum sentence, including any suspended portion, of forty-three years." *Id*.

On May 16, 2012, petitioner was resentenced by the circuit court to serve 43 years in prison with 13 years suspended.  ECF 9, Ex. 1, pp. 3-4, 21.  His appeal of this disposition was dismissed at his request on June 5, 2013, with the court's mandate issuing on July 22, 2013. ECF 9, Ex. 16.

Petitioner later filed a petition for a writ of habeas corpus in the Circuit Court for Washington County.  That court referred the matter to the Circuit Court for Baltimore County, where it was denied on September 24, 2013.  ECF 9, Ex. 17.

### Grounds for Relief

Petitioner seeks relief claiming that his constitutional rights were violated (1) when he was resentenced without a new trial; and (2) by the manner in which the state courts processed his state-court petition for a writ of habeas corpus.  Respondents argue that the first claim is procedurally defaulted and otherwise without merit, and the second claim is not cognizable by way of federal habeas corpus review.

**Analysis**

A writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States.  *See* 28 U.S.C. § 2254(a).  "'Federal habeas corpus relief does not lie for errors of state law.'"  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle*, 502 U.S., at 67–68.

Petitioner first alleges a violation of due process and equal protection because he was provided a new sentencing proceeding but not granted a new trial.  ECF 1, p. 11.  Examination of the record clearly demonstrates that a new trial was not contemplated; rather, the State appellate court found ambiguity in the application of Maryland procedural rules, and remanded petitioner's case to the trial court solely for the purpose of reconsideration of his sentence.  ECF 9, Ex. 15.  Even if a cognizable claim could be gleaned from this claim, consideration of the claim would be barred under the procedural default doctrine, because petitioner withdrew his appeal following his third resentencing.[2]  ECF 9, p. 15.

Procedural default occurs when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claim procedurally barred.  *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).  If procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage

---

[2] The third sentence imposed provided significantly less incarceration than the agreed-upon sentence contemplated at the time of the original guilty plea.  Withdrawing the appeal of the lesser sentence was a wise tactical decision.

of justice, *i.e.*, the conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court at the appropriate time." *Id.* (quoting *Murray*, 477 U.S. at 488). Petitioner does not contest his innocence; the state appellate courts ultimately corrected his sentence; and the sentence he is now serving is significantly less than that contemplated in the plea agreement. None of the factors set forth in *Murray* or *Breard* favor petitioner; thus, the claim, if cognizable, is procedurally defaulted.

Even if the claim were cognizable and not deemed procedurally defaulted, it has no merit. The Court of Appeals of Maryland granted petitioner a new sentencing hearing, not a new trial. Petitioner's argument that he was afforded pretrial detention status while awaiting resentencing does not "moot" his underlying conviction.[3] ECF 15, p. 2. No Sixth or Fourteenth Amendment violation occurred, and no basis for relief under 28 U.S.C. § 2254(d) has been stated.

Petitioner's second claim, which concerns the manner in which his state court petition for a writ of habeas corpus was processed, fares no better. ECF 1, p. 12. As noted above, a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. State court error concerning a state rule or procedure is not cognizable in a federal habeas corpus proceeding.[4]

---

[3] There is no claim—much less a showing—that petitioner was not awarded time against his sentence while awaiting resentencing.

[4] Even if it were cognizable, the claim is without merit: Maryland Rule 15-303(c) provides that a petition for a writ of habeas corpus may be referred "to the administrative judge of the court in which the prior proceeding was held." The petition was challenging a Baltimore County judgment of conviction, and the Circuit Court for Washington County properly referred the petition to Baltimore County.

The court will deny and dismiss the petition.  A certificate of appealability will not issue because petitioner has not made a "substantial showing of the denial of a constitutional right."[5]

A separate order follows.

October 10, 2014                                                        /s/
Date                                                           James K. Bredar
                                                               United States District Judge

---

[5] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).  Denial of a certificate of appealability in the district court does not preclude petitioner from requesting a certificate of appealability from the appellate court.